# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **SARA HOKE, et al.** | § | |
| | § | |
| **V.** | § | **1:18-CV-00232-RP** |
| | § | |
| **ROBERT ANDERSON, et al.** | § | |

## ORDER

Before the Court are Defendants' Motion to Exclude Testimony of Dr. Trent Terrell (Dkt. No. 42) and Defendants' Motion to Exclude Testimony of Sara Hoke (Dkt No. 45).  The District Court referred the above-motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I.  BACKGROUND

The Plaintiffs, Sara and Amanda Hoke, bring this case against the Defendants, who are officers of the Austin Police Department, after an incident on March 18, 2016.  The Plaintiffs were on 6th Street in Austin during the annual SXSW festival when one of the Plaintiffs accidently bumped into another woman.  The woman, joined by four or five other women, allegedly became irate and attacked Sara Hoke.  Sara's sister, Amanda, attempted to intervene and aid her sister.  The Plaintiffs allege that the Defendants, without any warning, began deploying chemical spray onto the women, including the Hokes, to break up the fight.  The Hokes claim to have heard no commands from the police officers as they were being sprayed.  The Hokes were sprayed over large portions of their bodies and did not realize that the police were present until the women who attacked them got up and walked away.  The Hokes state that they were in extreme pain because of the burning sensation caused by the chemical agent used by the Defendants.  As the Hokes were blinded by the chemical spray, they also did not see two men walk toward them and take their purses.  The Hokes

allege that the Defendants did not offer to help them despite being in pain, and instead directed the

Hokes down the street to a vehicle that transported them to jail. Plaintiffs claim that the Defendants

were aware of the pain caused by the chemical spray given their training, but did not provide them

any water to wash away the spray. The Hokes allege they were released from jail the next day

without their belongings and were only able to wash the chemical spray away after returning home.

Based on these events, the Plaintiffs bring § 1983 claims alleging violations of their Fourth, Eighth,

and Fourteenth Amendment rights under the United States Constitution.

In the motions before the Court, Defendants ask to exclude expert testimony of Dr. Trent

Terrell, and Plaintiff Sara Hoke. The Plaintiffs have not responded to either motion.

## II. STANDARD OF REVIEW

Federal Rule of Evidence 702 provides the standard for determining the admissibility of

expert testimony. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597-98 (1993). It provides:

A witness who is qualified as an expert by knowledge, experience, training, or
education may testify in the form of an opinion or otherwise if:

    (a)    the expert's scientific, technical, or other specialized
        knowledge will help the trier of fact to understand the
        evidence or to determine a fact in issue;

    (b)    the testimony is based on sufficient facts or data;

    (c)    the testimony is the product of reliable principles and
        methods; and

    (d)    the expert has reliably applied the principles and methods to
        the facts of the case.

Under Rule 702 and *Daubert*, the trial court is to act as a "gatekeeper" with regard to expert

testimony, to make sure that unreliable expert opinions are not presented to the jury. *Daubert*, 509

U.S. at 592-93. *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Id.* To be relevant, "expert testimony [must] 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002).

In addition to being qualified, an expert's methodology for developing the basis of his or her opinion must be reliable. *Daubert*, 509 U.S. at 592-93; *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). "The expert's assurances that he [or she] has utilized generally accepted scientific methodology is insufficient." *Moore*, 151 F.3d at 276. The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible. FED. R. EVID. 104(a).

### III. ANALYSIS

### A.      Dr. Trent Terrell (Dkt. No. 42)

Defendants brings this motion to exclude the testimony of Dr. Trent Terrell, an expert witness designated by the Plaintiffs. The Defendants argue that Dr. Terrell was not designated as an expert in a timely manner, and further contend his testimony is not relevant to the claims at issue in the case. Defendants note that the Plaintiffs first disclosed Dr. Terrell as an expert witness on December 13, 2018, and served his report on December 21, 2018. The deadline to serve the report under the Court's Scheduling Order was November 1, 2018. (Dkt. No. 35).

As noted at the outset, the Plaintiffs have failed to respond to the motion, so it is not clear

why the designation was made late; nevertheless, Plaintiffs' counsel did provide an explanation in

a December 13, 2018 email to Defendants' counsel:

> Dr. Terrell is being added because of the most recent body-cam video you provided,
> to explain eye witness differences. I would have provided notice of him sooner had
> I known of the issues that would be raised with the body-cam. I'm attaching the last
> version of Dr. Terrell['s] CV. I will forward his report as soon as I can.

Dkt. No. 42-2. Parties under Rule 26(e) are allowed to supplement earlier disclosures, including

expert reports, if they learn that their earlier disclosures are incorrect or incomplete. Fed. R. Civ. P.

26(e). As the rule is "not intended to provide an extension of the deadline by which a party must

deliver the lion's share of its expert information," a supplemental report containing "new rather than

supplementary" opinions is not appropriate under Rule 26(e). *In re Complaint of C.F. Bean L.L.C.*,

841 F.3d 365, 371 (5th Cir. 2016); *Moore v. Hernandez*, CA No. 2:17-CV-00531-JRG, 2018 WL

2670403 at *1 (E.D. Tex. Mar. 6, 2018). However, testimony that doesn't satisfy Rule 26(e) may

still be included if it relies on newly disclosed theories or information. *Bean*, 841 F.3d at 371-72.

The Fifth Circuit has outlined a framework to aid in determining whether such new information

should be included: (1) the explanation for the failure to disclose the information earlier; (2) the

importance of the testimony; (3) the prejudice in allowing the testimony; and (4) the availability of

a continuance to cure such prejudice. *Bean*, 841 F.3d at 371-72; *Geiserman v. MacDonald*, 893 F.2d

787, 791 (5th Cir. 1990).

Under the first factor, the Plaintiffs provide a reasonable explanation for failing to disclose

Terrell's opinions by the deadline, with their assertion that it was triggered by the late production

by Defendants of body-cam video of the incident. The discovery deadline was extended by the

District Court from February 8, 2019, to March 29, 2019 by a joint motion (Dkt. No. 43), and thus the deadline was almost three months after Plaintiffs gave notice of their additional expert. While the Plaintiffs' failure to request an extension of the expert disclosure deadline weighs against them, on balance, Plaintiffs' explanation weighs in favor of inclusion of the expert report. *See, e.g. Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (failure to request an extension of expert disclosure deadline in district court weighed against proponent of excluded evidence on appeal).

Under the second prong, in *Bean* the Fifth Circuit concluded that this factor weighed in favor of allowing a late-designated expert when the expert in question was the only one who could testify on an issue, and because his testimony was crucial to the case. *Bean*, 841 F.3d at 373. Here, Defendants seek the exclusion of testimony from the only expert designated by the Plaintiffs to testify about memory formation during traumatic events. Defendants argue very briefly that Terrell should be excluded under this prong because he is not an expert on excessive force, or the use of oleoresin capsicum spray. Again, while the Court would have benefited from Plaintiffs' arguments regarding the importance of this testimony, the lack of another expert on memory formation designated by the Plaintiffs weighs against exclusion under this prong.

Under the third prong, the Court does not find that inclusion of Terrell's testimony would prejudice the Defendants. Unlike in *Bean*—where the Fifth Circuit found prejudice when the report in question was submitted near the end of the discovery period—here, as mentioned earlier, the Plaintiffs submitted their report almost three months before the extended discovery deadline, giving the Defendants plenty of time to examine and rebut Terrell's opinions. *Id*. This factor weighs in favor of inclusion.

Finally, under the fourth prong, the Fifth Circuit has consistently noted that "a continuance is the 'preferred means of dealing with a party's attempt to designate a witness out of time.'" *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1001 (5th Cir. 1998) (quoting *Bradley v. United States*, 866 F.2d 120, 127 n.11 (5th Cir. 1989)). Here, no party has requested a continuance and the Defendants argue that a continuance would not cure any prejudice to them as they would have to incur the unexpected costs of deposing an additional expert. But cost is not the issue on this factor, so this argument misunderstands the point. Moreover, as already noted, Defendants have had notice since December 2018 of Plaintiffs' intent to call Terrell, and because trial is not until July 2019, there remains ample time for Defendants to take Terrell's deposition if they so choose.

Overall, based on the preceding factors, excluding Terrell's testimony because it was disclosed after the expert deadline is not warranted. Plaintiffs' counsel provided a reasonable explanation for not submitting Terrell's testimony sooner. And Plaintiffs disclosed Terrell's report almost three months before both the discovery deadline and dispositive motions deadline; "[t]his was not a case of one party ambushing the other with undisclosed expert opinions at trial." *Bean*, 841 F.3d at 373.

In the alternative, Defendants argue that Terrell is not an expert and that his testimony should be excluded because it is not relevant. The Court disagrees on both counts. The Defendants contend Terrell is not qualified because he has no knowledge regarding law enforcement or the use of force. This, however, is not what Terrell's testimony is directed to; rather, Plaintiffs intend to offer his testimony to address memory formation during traumatic events. In general, experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). A scan of Terrell's CV makes it

obvious that as the Chair of the Department of Psychology at a local university with a number of courses taught, papers published, and presentations given, he is qualified to testify on issues related to memory formation.

To the extent Defendants argue that the testimony is not relevant, as memory formation has no relation to any of the claims or defenses in the case, the Court also disagrees. As noted earlier, Plaintiffs state that they added Dr. Terrell to testify in response to issues raised by recently disclosed body-cam video. From the email referenced earlier, the Court takes it that the body-cam video and the Plaintiffs' recollections or perceptions of the events may not align, and Dr. Terrell is to be called as a witness to explain why that might be the case. To use the Fifth Circuit standard, the testimony is relevant given that the Plaintiffs are attempting to use Terrell to explain the difference in accounts of eye-witnesses in relation to the body-cam video; in other words, the Plaintiffs are attempting to use Terrell's testimony to assist the trier of fact to understand the evidence or to determine a fact in issue. *Pipitone*, 288 F.3d at 245.

For these reasons, Defendants' motion to exclude Dr. Terrell as an expert witness is **DENIED**.

**B.      Sara Hoke (Dkt. No. 45)**

The Defendants also seek to exclude the testimony of Sara Hoke, one of the Plaintiffs in this case. Plaintiffs have designated Hoke as an expert who will testify about the "fight/flight/freeze" response that she contends she and her sister experienced during the incident at issue. Dkt. No. 42-3. Defendants argue that Hoke is not qualified to offer opinions on this issue, and that her testimony is not relevant or reliable. Once again, no response to the motion was filed.

Hoke's CV reflects that she has a bachelor's degree in psychology, a masters degree in social work, and is a licensed clinical social worker. Hoke thus has specialized training in psychology, and likely has more knowledge than the average person about one's psychological response during an incident like that at issue in this case. What is lacking in Hoke's brief "report" are any reliable principles or methods that Hoke used to reach her conclusions, or any reference to studies or articles that support her opinions. Further, Hoke's status as a party creates an inherent bias that also would undermine the reliability of her testimony. Unlike Terrell, who bases his opinions on reference to a body of scientific literature, Hoke does not; instead, she essentially asks the Court to simply accept that she used generally accepted methodology, something the Court cannot accept. *Moore*, 151 F.3d at 276. For these reasons, the Defendants' motion to exclude any expert testimony by Hoke is **GRANTED**.[1]

## IV. CONCLUSION

Based on the foregoing discussion, Defendants' Motion to Exclude Testimony of Dr. Terrell is **DENIED** (Dkt. No. 42) and Defendants' Motion to Exclude the Testimony of Dr. Sara Hoke is **GRANTED** (Dkt. No. 45).

SIGNED this 15th day of May, 2019.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1]This is not intended to preclude the Plaintiffs from offering opinion testimony from Hoke under FED. R. EVID. 701, nor should this be taken as a suggestion that any such testimony, if offered, would be admissible.